American T. & S. Bk. v. A. Bauer Dist. & Imp. Co., 205 Ill. App. 255.

intending work, prior to and at the time of being injured, *held* that the judgment in favor of plaintiff on the basis of his being engaged as a mill owner with office work should be reversed, and a judgment entered in the Appellate Court on the basis of his being engaged in superintending work.

## American Trust & Savings Bank, Appellee, v. A. Bauer Distilling & Importing Company, Appellant.

### Gen. No. 22,340.    (Not to be reported in full.)

Appeal from the Municipal Court of Chicago; the Hon. WILLIAM N. GEMMILL, Judge, presiding. Heard in the Branch Appellate Court at the March term, 1916. Affirmed. Opinion filed April 10, 1917. *Certiorari* denied by Supreme Court (making opinion final).

### Statement of the Case.

Action by the American Trust & Savings Bank, a corporation, plaintiff, against A. Bauer Distilling & Importing Company, defendant, to recover on a promissory note. From a judgment for plaintiff, defendant appeals.

JAMES R. WARD, for appellant.

McGILVRAY, EAMES & VAUGHAN, for appellee.

MR. PRESIDING JUSTICE BARNES delivered the opinion of the court.

### Abstract of the Decision.

1. CORPORATIONS, § 387*—*when knowledge of officer received in unofficial capacity not imputed to corporation.* In an action on a note by a banking corporation, which received the same in good

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

American T. & S. Bk. v. A. Bauer Dist. & Imp. Co., 205 Ill. App. 255.

faith for value, before maturity, where it was claimed that the note was *ultra vires*, and also that it was given for accommodation, and that such facts were known to the vice president of the bank, who was also a director of the corporation for whose benefit the note was negotiated, *held* that the knowledge of such officer acquired, not while acting in his official capacity for the bank, but casually and through his individual relation to such other corporation, could not be charged to the plaintiff.

2. CORPORATIONS, § 450*—*what is power of to execute notes.* A corporation has power to execute notes for purposes incident to the transaction of its business, and such notes will be presumed to have been executed in the legitimate course of business, and, whether so executed or not, will be valid in the hands of bona fide holders without notice.

3. BILLS AND NOTES, § 50*—*when note based on sufficient consideration.* In an action on a note by a bank, where the defendant claimed that the note was in fact given to take up a like note apparently given for accommodation, but the good faith of the bank, which received the note before maturity, without notice of infirmity and · in the usual course of business, was not impeached, *held* that as the note was given to take up another note it could not be said to have been without consideration.

4. BILLS AND NOTES, § 255*—*when bank innocent purchaser for value of note given in payment of accommodation note.* Where an accommodation note is negotiated to or discounted by a bank in the usual course of business, without notice of its real character, the payment thereof by another note, also taken without notice, does not deprive the bank of its position as an innocent purchaser for value.

5. BILLS AND NOTES, § 479*—*when questions relative to protest fees on note not reviewed.* Where in an action on a note the protest fees were not put in issue by the defendant's affidavit of merits, points made on the question of the proof of such fees will not be considered on appeal.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.